UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RASHOD KIRKLAND,

   Plaintiff,

v.              Case No. 3:18-cv-940-J-39JRK

B. LUEDTKE and RACHEL DEMERS,

   Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Rashod Kirkland, a pretrial detainee at the Clay County Detention Center, initiated this action on August 2, 2018, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names as Defendants State Prosecutor Rachel Demers and Detective B. Luedtke. In his Complaint, Plaintiff asserts that Defendant Luedtke "made untrue statements under oath too [sic] secure probable cause for an arrest." See Complaint at 5. Plaintiff does not include factual allegations in his Complaint about Defendant Demers, though in exhibits provided in support of his Complaint (Docs. 1-1; Ex. A, 1-2; Ex. B, 1-3; Ex. C), he alleges that Demers violated his due process rights by "signing and backing up untrue statements in a criminal case against Plaintiff," and "us[ing] fabricated evidence . . . for probable cause." See Ex. A at 1; Ex. B at 1. With respect to both Defendants, Plaintiff states that they "bought [sic] lunacy and unfairness to the system[,] violating several amendment's [sic]." See Ex. C at 1. Plaintiff alleges only emotional injuries. See Complaint at 5. He seeks an "investigation

into the wrongful and illegal practices of the Defendants," and monetary relief, including punitive damages. See id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982

(11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he has failed to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. Plaintiff has failed to state a claim for malicious prosecution because he does not allege that the criminal charges against him have resolved in his favor. See Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). Not only has Plaintiff failed to allege that his criminal charges have resolved in his favor, but the Court takes judicial notice that the charges against him are currently being prosecuted in the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida.[1]

In addition, to the extent Plaintiff challenges his arrest or confinement, a civil rights action is not the appropriate avenue through which to proceed. See Bradley v. Pryor, 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement.") (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)). To the extent Plaintiff is attempting to have this Court interfere with his ongoing state court criminal case, this Court will abstain from doing so. Plaintiff may address his concerns with the state court by filing an appropriate motion in that court or voicing his concerns at a scheduled hearing.

---

[1] Plaintiff is currently being held on bond for two drug-related offenses. See Clay County Sheriff's Office Website, Inmate Information, available at http://p2c.claysheriff.com/InmateDetail.aspx?navid=636753786923772631 (last visited October 17, 2018). Plaintiff's arrest date was August 8, 2017. See id. See also Clay County Clerk of Court Website, Case Inquiry, Case Nos. 17CF1072, 17CF1073, available at https://inquiry.clayclerk.com/ (last visited October 17, 2018).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of October, 2018.

/s/ Brian J. Davis
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Rashod Kirkland

4